## AFFIDAVIT IN SUPPORT OF AN
## APPLICATION FOR A WARRANT TO SEARCH AND SEIZE

I, Chase Ossinger, being first duly sworn, hereby state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.     I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property – electronic devices – which are currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.  This application seeks authority for a warrant to search for and seize evidence of violations of Title 18, United States Code, Section 2252A (a)(5)(B), which relates to the knowing possession of child pornography.

2.     I am a Special Agent (SA) with Homeland Security Investigations (HSI) and have been since 2009.  Since approximately August 2015, I have been assigned to conduct investigations of crimes where computers and the Internet are used in the sexual exploitation of children, including (but not limited to) violations of 18 U.S.C. Sections 2252 and 2252A, which prohibit a person from knowingly transporting, receiving, distributing, possessing or accessing with intent to view, in interstate or foreign commerce, or by using any facility or means of interstate or foreign commerce, child pornography, as defined in 18 U.S.C. Section 2256(8).  I have received formal and on-the-job training in the investigation of cases involving the sexual exploitation of children.  My experience includes participation in the execution of numerous search warrants involving child pornography and seizures of computers and other storage media, and I have participated in numerous arrests and interviews of subjects involved with child pornography and child exploitation.

3.      The facts set forth in this affidavit are based on my personal knowledge, information obtained during my participation in this investigation, information from others, including law enforcement officers, my review of documents and computer records related to this investigation, and information gained through my training and experience.

## IDENTIFICATION OF THE DEVICES TO BE EXAMINED

4.      The property to be searched is a Samsung Galaxy A12 cellphone in a black rubberized case, an Acer Laptop bearing serial number LXR4P020200404D4321601, and a Toshiba hard drive bearing serial number 32TAFHSISRE8 (hereinafter the "Devices").  The Devices are currently located at the United States Probation and Pretrial Services Office at 202 Harlow Street, Room 209, Bangor, Maine 04401.

5.      The applied-for warrant would authorize the forensic examination of the Devices for the purpose of identifying electronically stored data particularly described in Attachment B.

## PROBABLE CAUSE

6.      On March 31, 2023, the United States Probation and Pretrial Services Office in Bangor, Maine (USPPSO Bangor) received a call from Scott Ross who reported concerns about his brother, an individual identified as Kevin ROSS.  USPPSO Bangor is familiar with Kevin ROSS as he is currently on federal supervised release for possession of child pornography and USPPSO Bangor manages his case.  As Kevin ROSS is in the Computer and Internet Monitoring Program, he is not allowed to possess any unapproved or unmonitored internet capable devices at any time.  Scott Ross reported that Kevin ROSS is in possession of an unapproved cellular phone and utilizes it to view pornography.

7.      On April 5, 2023, United States Probation Officers (USPOs) Ashley Hadam, Gian Zucchi, and Supervisory USPO (SUSPO) Bryce Turgeon conducted an unannounced home

inspection at Kevin ROSS' residence at 21A Gary Moore Road in Ellsworth, Maine to verify if Kevin ROSS was violating the terms of his supervised release as claimed by Scott Ross. During the home inspection, the USPOs discovered a black Samsung Galaxy A12 cell phone in a black rubberized case in a plastic trash bag in ROSS' bedroom on the floor next to the closet. USPOs also discovered a plastic garbage bag in ROSS' closet that contained drug paraphernalia. SUSPO Turgeon and USPO Hadam powered the device on to place it in airplane mode. They observed that the phone screen showed an image of a naked prepubescent female approximately six years old with her head down and her legs parted with the focus of the camera on the child's vagina. The vagina of the child appeared to be covered in semen. Kevin ROSS stated the drug paraphernalia was his, but he claimed the phone was not his and that he had never seen it before. USPOs noted the phone was not password protected.

8.      The USPOs also searched a 2006 Toyota Corolla with Maine license plate 345 YD, registered to Scott Ross, that has been utilized by Kevin ROSS since his release from prison in 2021. Kevin ROSS provided USPOs with the key to the vehicle. USPO Zucchi located a plastic trash bag hidden in the recessed spare tire well, under the spare tire, that contained a computer bag. A search of the computer bag resulted in the discovery of an Acer laptop computer bearing serial number LXR4P020200404D4321601 and a Toshiba external hard drive bearing serial number 32TAFHSISRE8. Kevin ROSS claimed the laptop and hard drive did not belong to him. Mike Ross, another of Kevin's brothers, lives at 21A Gary Moore Road with Kevin and was present during the search. Mike claimed he did not recognize the computer bag found in the Toyota Corolla.

9.      On April 10, 2023, I spoke with USPO Hadam regarding the suspected child pornography found on the Samsung Galaxy A12. USPO Hadam relayed the facts of the case, as

detailed above, and requested my assistance with the investigation. USPO Hadam provided me with contact information for Scott Ross.

10.     On April 11, 2023, I spoke with Scott Ross who confirmed that the 2006 Toyota Corolla with Maine license plate 345 YD was registered in his name but has been used by Kevin ROSS since 2021. Scott stated Kevin was supposed to switch the registration to his own name but had been delaying the paperwork due to money issues. Scott claimed the laptop found in the trunk of the Corolla was not his, and he had not been aware that Kevin had a laptop. Scott Ross provided me with contact information for Mike Ross.

11.     On April 11, 2023, I spoke with Mike Ross who confirmed that he lives with Kevin ROSS at 21A Gary Moore Road in Ellsworth, Maine. Mike stated the Samsung Galaxy A12 cellular phone that was seized by the USPO was not his phone. Mike stated that neither he nor his other brother Scott Ross were aware of the laptop that was found in the trunk of the 2006 Toyota Corolla with Maine license plate 345 YD. Mike confirmed that the Corolla was registered in Scott Ross' name but was maintained and operated by Kevin ROSS. Mike stated he does not drive the Corolla, as he has no driver's license, and he has only known Scott Ross to drive the vehicle when the three brothers went on a road trip. Mike stated he does not own a laptop computer.

12.     The Devices are currently in the lawful possession of USPO Bangor and were obtained by USPO Bangor pursuant to the special conditions placed on ROSS as part of his supervised release. Therefore, while USPO Bangor might already have all necessary authority to examine the Devices, I seek this additional warrant out of an abundance of caution to be certain that an examination of the Devices will comply with the Fourth Amendment and other applicable laws.

4

13.     The Devices are currently in storage in the evidence vault at USPO Bangor located at 202 Harlow Street, Room 209, Bangor, Maine 04401.  In my training and experience, I know that the Devices have been stored in a manner in which its contents are, to the extent material to this investigation, in substantially the same state as they were when the Devices first came into the possession of USPO Bangor.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

14.     Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time.  Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device.  This information can sometimes be recovered with forensics tools.

15.     There is probable cause to believe that things that were once stored on the Devices may still be stored there, for at least the following reasons:

   a.   Based on my knowledge, training, and experience, I know that computer files or remnants of such files can be recovered months or even years after they have been downloaded onto a storage medium, deleted, or viewed via the Internet. Electronic files downloaded to a storage medium can be stored for years at little or no cost.  Even when files have been deleted, they can be recovered months or years later using forensic tools.  This is so because when a person "deletes" a file on a computer, the data contained in the file does not actually disappear; rather, that data remains on the storage medium until it is overwritten by new data.

   b.   Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space—that is, in space on the storage medium that is not currently being

5

used by an active file—for long periods of time before they are overwritten. In addition, a computer's operating system may also keep a record of deleted data in a "swap" or "recovery" file.

c. Wholly apart from user-generated files, computer storage media—in particular, computers' internal hard drives—contain electronic evidence of how a computer has been used, what it has been used for, and who has used it. To give a few examples, this forensic evidence can take the form of operating system configurations, artifacts from operating system or application operation, file system data structures, and virtual memory "swap" or paging files. Computer users typically do not erase or delete this evidence, because special software is typically required for that task. However, it is technically possible to delete this information.

d. Similarly, files that have been viewed via the Internet are sometimes automatically downloaded into a temporary Internet directory or "cache."

e. Based on my knowledge, training, and experience, I know that computer files can be shared between multiple electronic storage devices through various techniques to include physical file transfers via USB or other cables; physical file transfers via portable hard drives, USB thumb drives, SD cards, or other portable storage media devices; email; social media messaging applications. Therefore, files found on one device may be found on other devices owned by the same person.

16.     *Forensic evidence.*  As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Devices were used, the purpose of their use, who used them, and when.  There is probable cause to believe that this forensic electronic evidence might be on the Devices because:

   a.  Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file). Virtual memory paging systems can leave traces of information on the storage medium that show what tasks and processes were recently active.  Web browsers, e-mail programs, and chat programs store configuration information on the storage medium that can reveal information such as online nicknames and passwords.  Operating systems can record additional information, such as the attachment of peripherals, the attachment of USB flash storage devices or other external storage media, and the times the computer was in use. Computer file systems can record information about the dates files were created and the sequence in which they were created.

   b.  Forensic evidence on a device can also indicate who has used or controlled the device.  This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

   c.  A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw

conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d.  The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators.  Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves.  Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant

e.  Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

17.     *Nature of examination.*  Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the Devices consistent with the warrant.  The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the devices to human inspection in order to determine whether it is evidence described by the warrant.

18.     *Manner of execution.*  Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve

8

the physical intrusion onto a premises.  Consequently, I submit there is reasonable cause for the

Court to authorize execution of the warrant at any time in the day or night.

## **CONCLUSION**

19.    I submit that this affidavit supports probable cause for a search warrant

authorizing the examination of the Devices described in Attachment A to seek the items

described in Attachment B.

Respectfully submitted,

Chase Ossinger, Special Agent
Homeland Security Investigations

Sworn to telephonically and signed
electronically in accordance with the
requirements of Rule 4.1 of the Federal Rules
of Criminal Procedure

Date: **May 01 2023**

City and state:            Bangor, ME

John C. Nivison U.S. Magistrate Judge
*Printed name and title*

*Judge's signature*

9